FILED
98 AUG 25 PM 2:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

JESSE D. DORSEY, ]
]
    Petitioner, ]
]
    vs. ]
] CV 97-N-0935-NE
WARDEN STICKER; ATTORNEY ]
GENERAL OF THE STATE OF ]
ALABAMA, ]
]
    Respondents. ]

ENTERED
AUG 26 1998

## Memorandum of Decision

The court has for consideration the Report and Recommendation of the United States Magistrate Judge and the respondents' objections to that Report and Recommendation. Petitioner Jesse Dorsey challenges his Alabama state court conviction for second degree theft of property by deception, claiming he was denied the effective assistance of counsel because his attorney: (1) failed to request an instruction that the jury could not draw any inference from his decision to exercise his right to decline to testify during his trial, and (2) failed to either move for a new trial or file an appeal.

The Magistrate Judge recommended that the petition be granted, finding that trial counsel was ineffective in failing to request an instruction to the jury regarding the permissible use of the fact that the defendant did not testify at the trial. The respondents have objected. The court, having carefully considered the objections *de novo*, has found them not well taken.

The court's examination of the record reveals that the issue of guilt or innocense at trial was quite close. This is no case in which there was overwhelming evidence of the defendant's guilt. The petitioner's decision to remain off the witness stand was quite understandable, given his three prior felony convictions which could, and almost surely would, have been used to impeach him. Having made the decision that he would not testify, it was vital to the defendant that the jury fully comprehend that, in doing so, he was exercising a right guaranteed him by the Constitution and laws of the United States and of the State of Alabama and that the jurors further understand that they could not, consistent with their oaths, draw any adverse inference from the decision not to testify. There is no basis upon which the court can find that trial counsel made any professional decision regarding an appropriate jury instruction. The attorney, Earl McNeal, has never testified concerning the matter and he is now deceased. The State of Alabama has not directed the court's attention to any other evidence on the issue. Thus, there is and can be no evidence to support a finding that Mr. McNeal made a considered and intentional decision to refrain from requesting such an instruction. The trial court's observation of Mr. McNeal's performance at trial, in the absence of some outward expression or observed conduct by him bearing on the issue, cannot serve as an evidentiary substitute to support a finding of a deliberate and professional decision in this regard.

The State's assertion that the trial court did, in fact, give an appropriate instruction on the effect to be given the defendant's decision not to testify requires no discussion. It simply did not happen and no amount of lawyerly word games can change that.

Based on the foregoing, the court concludes that the Report and Recommendation is due to be accepted and approved as entered. An appropriate judgment will be entered.

Done, this 25th of August, 1998.

*Edwin L. Nelson*
Edwin L. Nelson
United States District Judge

3